# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PIPE FITTER'S RETIREMENT FUND, LOCAL 597, et al. )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>J & B MECHANICAL, INC., )<br>)<br>Defendant. ) | Case No. 17 C 4249 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Several union-operated membership funds audited the books of an employer that was party to a collective bargaining agreement. The funds allege the audit revealed that the employer failed to make required contributions to the funds. The plaintiffs sued under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and they have moved for summary judgment.

## Background

J & B Mechanical, Inc., in a collective bargaining agreement it signed with its unionized employees, agreed to contribute to several union funds.[1] The agreement provides that the funds may audit the employer's books to determine whether the employer's contributions meet its obligations under the agreement. After J & B failed to

---

[1] The entities are the Pipe Fitters' Retirement, Welfare, and Training Funds, Local 597, the Contracting Industry Improvement Trust, the Pipe Fitters' Association, Local 597 U.A., the Pipe Fitters' Individual Account and 401(k) Plan, and the Pipe Fitting Council of Greater Chicago.

make contributions in March through September 2017,[2] the funds audited the company's records—or, at least, attempted an audit. J & B did not provide many documents; the auditor noted that the audit took an "extraordinary amount of time," as J & B did not provide "sufficient documentation." D.E. 26, Pls.' Ex. 8 at 10 (audit report). The Court later granted a motion to compel filed by the plaintiffs, but J & B still failed to turn over requested documents. D.E. 19 (Dec. 13, 2017 minute entry granting motion to compel).

An employer is liable to provide contributions to union funds only for employees engaged in work covered under that union's collective bargaining agreement. The funds' auditor found that J & B employed five "unverified" individuals the nature of whose work was not clear from the documentation provided. The auditor assumed the employees' labor was covered work and calculated $349,440.01 in unpaid contributions for these employees. The Court will refer to this as the "unverified employee assessment."

The auditor also found that J & B made numerous disbursements that were not documented. For instance, the auditor found a February 11, 2014 expense marked "American Express" for $504.79, but J & B did not provide a receipt or an invoice. The auditor assumed it was a payment to a subcontractor, which would mean that, per the collective bargaining agreement, J & B must make contributions into the union funds. The auditor divided the amount by the "journeyman rate of pay," which yielded 10.97 hours of work. The auditor then multiplied those hours by the per-hour contribution rate

---

[2] J & B later paid the missing 2017 contributions, but the liquidated damages that the collective bargaining agreement provides were left unpaid. J & B does not dispute it owes this payment.

2

established in the collective bargaining agreement. After applying this process for all similar expenses, the total amount of contributions owed was $637,095.22. The Court will refer to this as the "undocumented expense assessment."

## Discussion

The plaintiffs have moved for summary judgment. On a motion for summary judgment, the Court must "consider the factual record in the light most favorable to [the non-moving party] and give [that party] the benefit of all conflicts in the evidence and reasonable inferences that may be drawn from the evidence." *Fish v. GreatBanc Trust Co.*, 749 F.3d 671, 674 (7th Cir. 2014).

ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement" to "make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Membership plans, like the plaintiffs, may enforce the terms of an agreement that establish the plan. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1149 (7th Cir. 1989). If the plaintiffs prevail, "the appropriate remedy is the delinquent contributions, interest, attorneys fees, and amount equal to the greater of interest (again) or liquidated damages." *Central States, Se. & Sw. Areas Pension Fund v. Transp., Inc.*, 183 F.3d 623, 629 (7th Cir. 1999); 29 U.S.C. § 1132(g)(2).

J & B concedes that it owes $2,182.44 in liquidated damages for the late contributions between March and September 2017, as well as attorney's fees and costs related to those contributions. Def.'s Mem. in Opp. to Mot. for Summ. J. at 2. The Court grants summary judgment on these liquidated damages but withholds summary

judgment on fees and costs, for reasons discussed below.

J & B disputes the remainder of the auditor's findings: it contends it does not owe $349,440.01 in unverified employee assessments or $637,095.22 in undocumented expense assessments. In the typical ERISA case, J & B would introduce evidence demonstrating that these expenses did not correspond to labor costs that fall within the collective bargaining agreement. J & B hasn't introduced any rebutting evidence, however. It contends that its evidence exists only on a malfunctioning hard drive and asks the Court to stay the motion for summary judgment until it can present the evidence. *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it."). But staying a motion for summary judgment is inappropriate where, as here, the party has not described what the additional discovery would yield and was dilatory throughout discovery. *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190-91 (7th Cir. 1995). Indeed, in this case, J & B has said nothing to suggest that evidence from the hard drive will *ever* be available.

In the absence of any rebutting evidence from J & B, are the plaintiffs entitled to summary judgment on the unverified employee assessment and the undocumented expense assessment? The Court concludes that the answer is yes for the first assessment but no for the second. The reason turns on the operation of an evidentiary presumption.

ERISA obliges benefit plan fiduciaries like the plaintiffs to "hold[] employers to the full and prompt fulfillment of their contribution obligations." *Michels Corp. v. Cent.*

4

*States, Se. & Sw. Areas Pension Fund*, 800 F.3d 411, 418 (7th Cir. 2015) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 574 (1985)). One risk that fiduciaries must consider is that employers will maintain shoddy or nonexistent records, fail to make required contributions and then, when the fiduciary comes knocking, rely on the absence of records to claim that nothing is owed. But "an employer cannot escape liability 'by hiding behind his failure to keep records as statutorily required.'" *Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Struben*, No. 05 C 1094, 2009 WL 497393, at *11 (C.D. Ill. Feb. 24, 2009) (quoting *Brick Masons Pension Tr. v. Indus. Fence & Supply Inc.*, 839 F.2d 1333, 1338 (9th Cir. 1988)). Thus if a fund shows an employer's records are deficient and "produces an apparently sound accounting suggesting that money is owed," the Court applies a presumption in the fund's favor, unless the employer presents rebutting evidence. *Chi. Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 264-65 (7th Cir. 2003).[3]

The funds are entitled to summary judgment on the unverified employee assessment, on which they have presented an "apparently sound accounting." J & B employs five individuals whose job description was evidently never provided to the auditor. The auditor assumed these employees performed work covered by the

---

[3] Some earlier cases indicate that the burden-shifting framework applies only to the amount of an employer's damages, not liability. *See, e.g., Chi. Steel & Crane, Inc. v. Structural Ironworkers Local No. 1 Welfare Fund*, No. 00 C 1615, 2002 WL 1610980, at *6 n.12 (N.D. Ill. July 22, 2002). These cases have been superseded by later Seventh Circuit case law, which applies the framework to liability issues. *Laborers' Pension Fund v. RES Envtl. Servs., Inc.*, 377 F.3d 735, 739 (7th Cir. 2004); *Sullivan v. Tag Plumbing Co.*, No. 08 C 3669, 2012 WL 3835526, at *6 (N.D. Ill. Sept. 4, 2012) (applying *RES* and other Seventh Circuit cases to liability issue).

5

collective bargaining agreement and calculated contributions accordingly. Though J & B suggests that its faulty hard drive has kept it from mounting a defense, the argument is unconvincing with regard to this aspect of plaintiffs' claim. The issue here involves what sort of work these five J & B employees did. It is readily apparent that the nature of their work easily could be established through evidence in J & B's control separate and apart from the hard drive—including, for example, testimony (or in the present context, affidavits) from the employees or from company management. *See also RES*, 377 F.3d at 739 (affirming district court's adoption of an audit's characterization of certain employees of the defendant when the employer failed to submit records "reflecting the type of work performed"). But J & B has offered nothing of the kind. The Court concludes that the plaintiffs are entitled to summary judgment on the unverified employee assessment. J & B is liable for the $349,440.01 in contributions, $34,944.00 in liquidated damages, and $101,084.31 in interest associated with this assessment.[4]

By contrast, the plaintiffs have not presented an "apparently sound accounting" regarding the undocumented expense assessment. The auditor assumed *every* expense that was not documented was a payment to a third party. Many expenses contained descriptions like "Bank of America – Bass Pro" or "Citi – AT&T Universal," which hardly suggest compensation for labor that falls within the collective bargaining agreement's ambit. And nothing else indicated that these expenses were compensation for covered work. Simply presenting an audit is insufficient to trigger a presumption in the plaintiffs' favor—the audit must be reasonable or, in the words of *Reinke*,

---

[4] The plaintiffs appear to have transposed the descriptions of the unverified employee and undocumented expense assessment damages in their local rule 56.1 statement. *See* Pls.' L.R. 56.1 Stmt. of Mat. Facts ¶¶ 24, 25.

"apparently sound." *Reinke*, 347 F.3d at 264. Although it is reasonable for an auditor to assume that employees whose job descriptions the employer will not provide are doing work covered by the collective bargaining agreement, it is not reasonable for an auditor to assume that *every* expense for which an employer will not or cannot provide more information has paid out to a subcontractor whose labor falls within the collective bargaining agreement—particularly when the identification of the payee indicates otherwise.

The plaintiffs contend that, in *Boudreau v. Gentile*, 646 F. Supp. 2d 1016 (N.D. Ill. 2009), a court facing similar facts reached a different outcome. But the Court does not find *Boudreau* directly analogous, as the reasonableness of the audit never came into question in that case. *Id.* at 1026-27. Rather, more analogous is another case in this district in which an employer sought declaratory judgment that it did not owe an ERISA-governed fund any additional contributions. *Chicago Steel and Crane*, 2002 WL 1610980, at *1. In an audit, the fund contended that the employer had made out checks to "cash," which indicated the employer was paying third-party subcontractors whose labor fell within the collective bargaining agreement. *Id.* The court disagreed, finding that the fund's failure to connect the checks marked "cash" with any evidence of any actual third-party laborers entitled the employer to summary judgment. *Id.* at *6. Similarly, the plaintiffs in the present case have failed to connect any of J & B's undocumented expenses with third-party employment. The Court therefore denies summary judgment on the undocumented expense assessment.

From here, the litigants will have to bring this case to a prompt conclusion. If the funds intend to pursue the undocumented expense assessment, they will need to

determine whether they have evidence that can connect the undocumented expenses to third-party employment that falls within the collective bargaining agreement. Without such evidence, they are unlikely to prevail on that aspect of their claim. And J & B will need to swiftly resolve any issues regarding the hard drive. The Court will address the plaintiffs' request for attorney's fees and costs at the conclusion of the litigation.

## Conclusion

For the foregoing reasons, plaintiffs are entitled to summary judgment regarding J & B's liability for the undisputed $2,182.44 in liquidated damages as well as $349,440.01 in unpaid contributions, $34,944.00 in liquidated damages, and $101,084.31 in interest. The Court denies plaintiffs' motion for summary judgment with regard to the undocumented expense assessment and defers ruling on attorney's fees and costs until the conclusion of the case [dkt. no. 24]. The case is set for a status hearing on August 20, 2018 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 11, 2018